UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re<br><br>SHAMUS HOLDINGS, LLC,<br><br>        Debtor. | Chapter 11<br>Case No. 07-14572-JNF |
| SHAMUS HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>LBM FINANCIAL, LLC,<br><br>        Defendant. | Adversary Proceeding<br>Case No. 08-01030 |

**MOTION TO STRIKE LBM FINANCIAL LLC'S**
**<u>NOTICE OF APPEAL AND RELATED FILINGS</u>**

Shamus Holdings, LLC, as debtor and debtor-in-possession herein ("Shamus Holdings" or the "Debtor"), hereby submits this *Motion to Strike LBM Financial LLC's Notice of Appeal and Related Filings*. In support of this motion, and as grounds therefor, Shamus Holdings states as follows:

1. On August 5, 2009, the Court entered an order granting Shamus Holdings' Motion for Summary Judgment. *See* Dckt. No. 96.

2. On August 17, 2009, LBM Financial, LLC ("LBM") filed a Notice of Appeal to District Court. *See* Dckt. No. 99.

3. On August 27, 2009, LBM filed Appellant's Statement of Issues to be Presented on Appeal. *See* Dckt. No. 104.

BOS-1332930 v2

4. On August 27, 2009, LBM filed Appellant's Designation of Record on Appeal. *See* Dckt. No. 105.

5. Each of LBM's filings, Docket Nos. 99, 104, and 105, were signed by Philip F. Coppinger, an attorney employed by LBM.

6. Except in certain limited circumstances, which are not present here, Local Bankruptcy Rule 9010-1(c) requires corporations to appear only through counsel. Local Rule 9010-1(c) states:

> A corporation, partnership or trust, by and through an officer or agent, or a person authorized by a power of attorney, may file a proof of claim or an application for payment of unclaimed monies due such entity, and may be heard on objections to claims or applications for payment. Otherwise, such entities shall appear *only through counsel*. Bankr. D. Mass. R. 9010-1(c) (emphasis added).

7. First Circuit case law is similarly clear that a corporation cannot appear pro se, but must be represented by counsel. *In re Las Colinas Development Corp.*, 585 F.2d 7, 13 (1st Cir. 1978); *In re Lucas*, 317 B.R. 195, 206 n.9 (D. Mass. 2004) (noting that Local Bankruptcy Rule 9010-1(c) permits corporations to appear through an officer or agent, or a person authorized by a power of attorney when filing or objecting to a proof of claim or an application for payment of unpaid monies, but that in all other contexts, corporations shall appear only through counsel); *In re Lincoln*, No. 09-10340-JNF, 2009 WL 562612, at *2 (Bankr. D. Mass. Mar. 5, 2009) (noting that Local Rule 9010-1(c) requires that corporations, partnerships and business trusts appear only through counsel, with certain limited exceptions); *see also In re 19101 Corp.*, 74 B.R. 34, 34 n.1 (Bankr. D. R.I. 1987) (reminding employee of debtor, who signed and filed debtor's petitions and schedules, of the First Circuit rule that a corporation must be represented by counsel).

8. Because LBM's recent filings, specifically Docket Nos. 99, 104, and 105, were filed by an LBM employee, those filings fail to comport with Local Rule 9010-1(c) and clearly established First Circuit case law requiring corporations to appear only through counsel. As such, LBM's (i) Notice of Appeal to District Court, (ii) Appellant's Statement of Issues to be Presented on Appeal and (iii) Appellant's Designation of Record on Appeal should be stricken.

WHEREFORE, Shamus Holding respectfully requests that the Court (i) grant its Motion and strike LBM Financial LLC's Notice of Appeal and Related Filings and (iii) grant such other relief as the Court deems just and necessary.

Respectfully Submitted,

SHAMUS HOLDINGS, LLC,
By its counsel,

*/s/ Mackenzie L. Shea*
Charles A. Dale III, BBO #558839
Mackenzie L. Shea, BBO #666241
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

September 3, 2009