# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br>SHAMUS HOLDINGS, LLC,<br><br>                    Debtor<br>SHAMUS HOLDINGS, LLC,<br><br>                    Plaintiff<br>v.<br><br>LBM FINANCIAL, LLC<br><br>                    Defendant | Case No.  07-14572 JNF<br><br>Chapter 11<br><br><br>Adversary Proceeding No. 08-1030 |

### OBJECTION OF LBM FINANCIAL, LLC TO MOTION TO STRIKE

LBM Financial, LLC ("LBM"), hereby objects to the Plaintiff's Motion to Strike Notice of Appeal. In support of this Objection, LBM respectfully states as follows:

1.   This Court entered a final order in this adversary proceeding on August 5, 2009.

2.   LBM timely filed its Notice of Appeal, Statement of Issues Presented On Appeal, and Designation of Record on Appeal, all through the undersigned counsel, on August 17, 2009, August 27, 2009, and August 27, 2009, respectively.

3.   Plaintiff filed its Motion to Strike on September 4, 2009, asserting that LBM's appeal violates Rule 9010-1(c) of the Local Rules of the United States Bankruptcy Court for the District of Massachusetts ("MLBR")[1]. MLBR 9010-1(c) provides:

---

[1] It is likely that this Court lacks jurisdiction to consider the Motion to Strike because of the filing of the Notice of Appeal (*see Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)) but LBM nevertheless files this Objection to the Motion to Strike out of an abundance of caution and in order that it can be properly considered by the District Court.

> A corporation, partnership or trust, by and through an officer or agent, or a person authorized by a power of attorney, may file a proof of claim or an application for payment of unclaimed monies due such entity, and may be heard on objections to claims or applications for payment. Otherwise, such entities shall appear only through counsel. MLBR 9010-1(c).

4. The Plaintiff's Motion to Strike is misplaced because all pleadings filed with respect to the appeal in this adversary proceeding comply with this Court's Local Rules because LBM has appeared through counsel.

5. "Counsel" is a term commonly used in legal proceedings to describe someone who is a lawyer. Black's Law Dictionary defines the term thusly:

> 1. Advice or assistance  2. One or more lawyers who represent a client  3. *English law.* A member of the bar. Black's Law Dictionary, 9th Ed. (1981).

6. The use of the word "counsel" to mean "member of the bar" appears to coincide with the use of the word in this Court's Local Rules. MLBR 90101-1(a), for example, provides that "A person who is a member in good standing of the Bar of the United States District Court for the District of Massachusetts may appear and practice before this Court." MLBR 9010-1(a).

7. None of the cases cited by the Plaintiff suggest otherwise. Those cases involve corporate entities who attempted to appear through individuals who were not lawyers; *see In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir. 1978); *In re Lincoln*, Bankr. D. Mass No. 09-10340-JNF, 2009 WL 262512; or through lawyers not admitted to the bar of the United States District Court for the District of Massachusetts; *see In re Lucas*, 317 B.R. 195 (Bankr. D. Mass. 2004). The Court in *In re 19101 Corp.*, noted that pleadings were signed by an individual who was the President of the corporation and was also a member of the bar, noted that it wasn't clear whether the individual signed the pleadings as President or as counsel, and reminded the individual that appearance through counsel is required. *See* 74 B.R. 24 (Bankr. D.R.I. 1987).

8.     Undersigned counsel is indeed "counsel" as that term is used in MLBR 9010-1. He is admitted to practice in the Commonwealth of Massachusetts, and is a member of the bar of the United States District Court for the District of Massachusetts. His BBO number can be viewed by reference to the signature block below, and to the signature block in each of the Notice of Appeal, Statement of Issues, and Designation of Record. There is nothing in any of these documents to suggest that they were signed by counsel in any capacity other than as counsel. Each of the pleadings that he has filed therefore complies with MLBR 9010-1. The Motion to Strike should accordingly be denied.

WHEREFORE, LBM respectfully requests that this Court enter an order (i) denying the Motion to Strike, and (ii) granting such other and further relief as is just and proper.

**LBM FINANCIAL, LLC**

By its Attorney,

  */s/ Philip F. Coppinger*
Philip F. Coppinger (BBO #641664)
LBM Financial, LLC
171 Locke Drive, Suite 114
Marlborough, Massachusetts 01752
Phone: (508) 786-1899
Fax    (508) 786-2946

Dated: September 8, 2009
      Marlborough, Massachusetts

3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re:<br><br>SHAMUS HOLDINGS, LLC,<br><br>                              Debtor<br>SHAMUS HOLDINGS, LLC,<br><br>                              Plaintiff<br>v.<br><br>LBM FINANCIAL, LLC<br><br>                              Defendant | Case No.  07-14572 JNF<br><br>Chapter 11<br><br><br><br>Adversary Proceeding No. 08-1030 |

**CERTIFICATE OF SERVICE**

    I, Philip F. Coppinger, Esq. hereby certify that on the 8th day of September, 2009, I caused a copy of the *Objection by LBM Financial, LLC to Motion to Strike* to be served by the Court's CM/ECF System on the following parties:

Charles A. Dale III
Mackenzie L. Shea
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
(617) 261-3100

David M. Ianelli
Kara A. Lynch
McCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA  02110
(617) 449-6500

Jeffrey D. Ganz
Riemer & Braunstein, LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 880-3568

                                                */s/ Philip F. Coppinger*
                                                 Philip F. Coppinger